NELSON SHALLIES, AND T. H. BUNNELL, ASSIGNEE, ETC., OF NELSON SHALLIES, RESPONDENTS, v. EUGENE W. WILCOX, APPELLANT.

*Lease — covenants in — damages for a breach of, may be set up by tenant, in action for the rent.*

Plaintiff leased certain premises to the defendant for $300 a year, and agreed, in consideration of the covenants and agreements contained in the lease, to board him at his (plaintiff's) house during the said term. In an action to recover rent for a half year's occupation of the premises, it appeared that the plaintiff had refused to board the defendant, as required by the lease. *Held*, that the defendant had a right of recoupment and counter-claim, to the extent of the value of his board from the time of the plaintiff's refusal to board him.

Proof that defendant got drunk, or otherwise misconducted himself at plaintiff's house, held to be immaterial.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. The action was brought to recover rent for a half year's occupation of certain premises, leased by the defendant. The lease provided that the defendant should pay the yearly rent of $300, to be paid semi-annually, and that, "the said Nelson Shallies further agrees, in consideration of the above covenants and agreements, to board the said Eugene W. Wilcox during said term, at his house in Arcade." On or about the middle of June, 1872, the plaintiff refused to allow the defendant to board any longer at his house, and the defendant did not board with, nor was he boarded by, the plaintiff after that time.

The defendant, in his answer in this case, set up the refusal of the plaintiff to board him, as a defense.

*S. S. Spring*, for the appellant.

*I. Saml. Johnson*, for the respondents.

E. DARWIN SMITH, J.:

By the term of the lease upon which this action was brought, the lessor was to receive $300 per annum for the rent of the store occupied by the defendant, and the board of the said defendant in his, the plaintiff's, family. This, I think, the true construction

of the lease. The lessor agreed, in consideration of the covenants and agreements in said lease contained, " to board the said Eugene Wilcox during said term at his house in Arcade." The defendant was as much entitled to his board, as he was to occupy the demised premises. The sum of $300, stipulated to be paid for the rent of the store, was in part payment for such board. The agreement for the board was like a covenant for repairs, or other collateral covenant in a lease, running with it, and part of the contract, the breach of which would not take away the right to receive, or recover for the rent, while the lessee continued to occupy the premises, but would give him a right of recoupment or counter-claim to the extent of the damages. When the lessor elected not to board the defendant longer, for whatever cause, he released, in legal effect, a right to recover the full consideration for the occupancy of the store, called rent, to the extent of the value of the defendant's board. The defendant clearly had a right of recoupment and counter-claim, to the extent of the value of his board from the time in the said half year that the plaintiff Shallies had refused to board him. It was in proof on the trial, that board at the time was worth in Arcade three dollars a week. The referee erred in giving judgment for the plaintiff for the full amount of rent, without making any deduction therefrom for the amount of the defendant's counter-claim for board during the time.

The question whether the defendant was drunk or sober at the plaintiff's house, or otherwise misconducted himself, I do not think of any consequence in the case. The plaintiff had a clear right to control his own house, and refuse to board the defendant with or without cause ; but, when he elected not to board him, he could not recover the full price for the occupation of the store and his board to the same effect as if the defendant had had the full benefit conferred upon him by the lease. The proof shows that the plaintiff, Shallies, did not board the defendant, from about the middle of June, 1872, till the end of the half year — the 9th of September, 1872, being part of the half year for which rent is claimed and was recovered. Twelve weeks' board, at three dollars a week, from the middle of June to the ninth of September, would amount to thirty-six dollars. This amount, at least, should have been deducted and allowed by the referee at the date of his report.

This sum should be deducted from the judgment, and it should be affirmed for the balance and neither party should have costs upon the appeal.

Present — SMITH, P. J., GILBERT and TALCOTT, JJ.

Judgment so ordered.